# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:22-CV-055-KDB-DCK

| | |
|---|---|
| **JULIA POLLEX,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **PROTECTIVE ORDER** |
| | ) |
| **GREAT AMERICAN INSURANCE** | ) |
| **COMPANY d/b/a GREAT AMERICAN** | ) |
| **INSURANCE GROUP, and GREAT** | ) |
| **AMERICAN ASSURANCE COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Protective Order" (Document No. 27) filed November 29, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

**IT IS, THEREFORE, ORDERED** that the parties' proposed Protective Order is entered as follows.

**WHEREAS**, the Parties to this action have stipulated that certain discovery material is and should be treated as confidential and have requested that the Court enter a confidentiality order; accordingly, it is hereby stipulated by and between the Parties, through their respective attorneys of record as follows:

1. **Scope of Protected Information.** In the course of discovery, the Parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the producing Party or a non-party. All documents produced in the scope of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other

1

materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2.   **Form and Timing of Designation of Protected Information.**  Any Party or non-party who produces protected information in this action may designate it as "confidential" consistent with the terms of this Order. Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the confidential designation ("Confidential Information").  Documents shall be designated as Confidential Information prior to, or contemporaneously with, the production or disclosure of the documents, including on the record during the taking of any deposition testimony.  Inadvertent or unintentional production of documents without prior designation as Confidential Information shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3.   **Documents Which May be Designated Confidential.**  Any Party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined and certified that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets or confidential research, development, commercial, or financial information.  The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at **Exhibit A**.  Information or documents which are available in the public sector may not be designated as confidential.

4.   **Depositions.**  Deposition testimony will be deemed provisionally protected for a period of fourteen (14) days after the transcript is released to the Parties by the court reporter, although the Parties may agree at any time to different timelines of provisional protection of information as confidential as part of one or more specific depositions.  To retain any designation beyond the provisional period, a

2

designating Party must designate specific pages and lines of deposition testimony before the provisional period as expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

5. **Protection of Confidential Materials.**

    a. **General Protections.** Documents designated as Confidential under this Order shall not be used or disclosed by the Parties or counsel for the Parties or any other persons identified below for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

    b. **Limited Third Party Disclosures.** The Parties may share such documents with their attorneys, employees, and staff members of the attorneys' law firms and expert witnesses ("Qualified Persons") subject to the terms of this Protective Order, and may use such documents in the course of this case. All Qualified Persons given access to Confidential Information shall keep all Confidential Information and the material contained therein confidential form all other persons and shall return to counsel for the producing Party at the completion of that Qualified Person's review, consultation, or representation in this case. Any Qualified Person who is not an employee of the Parties' counsel shall sign the attached Agreement to be Bound, marked **Exhibit B**, confirming their review and agreement to the terms of this Order before they accept or review Confidential Information. Subject to these requirements the following categories of persons may be allowed to review documents which gave been designated confidential pursuant to this Order:

        i. Counsel and employees of counsel for the Parties who have responsibility for the preparation and trial of the lawsuit;

        ii. The Court, its personnel, and court reporters;

      iii. Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

      iv. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit; and

      v. Other persons only upon consent of the producing Party or upon order of the Court and on such conditions as are agreed to or ordered.

c. **Control of Documents.** Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of the Order. Counsel shall maintain a record of any Qualified Person who is not an employee of the Parties' counsel who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d. **In Court Use of Designated Information.** If Confidential Information will or may be offered in evidence at a hearing or trial, the offering Party must give advance notice to the producing Party or non-party that designated the material as Confidential prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case management order, other pre-trial order, or by a motion *in limine*. Nothing in this Order shall be construed as a waiver by any Party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

e. **Copies.** All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation

"CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential Information.** In the event a Party seeks to file any material that is subject to protection under this Order with the Court, that Party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the Party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitted the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Each time a Party seeks to file under seal confidential documents, things, and/or information, said Party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact document, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said Party must set out such finding in a proposed order to seal for the Court. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the document to the Court shall first consult with counsel for the Party who designated the document as Confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.

7. **Greater Protection of Specific Documents.** No Party may withhold information from discovery on the grounds that it requires protection greater than that afforded by this Order unless the Party moves for an Order providing such special protection.

8. **Challenges to Designated Confidential Information.** Any Confidential Information designation is subject to challenge. The following procedures shall apply to each and any such challenge.

    a. The burden of proving the necessity of a confidential designation remains with the Party asserting confidentiality.

    b. A Party who contends that documents designated as Confidential Information are not entitled to confidential treatment shall give written notice to the Party who affixed the designation of the specific basis for the challenge. The Party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an order confirming the confidential designation.

    c. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

    d. The failure of a Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

    e. Unless and until the challenge is resolved by the Parties or ruled upon by the Court, the Confidential Information will remain protected under this Order.

9. **Application to Non-Parties**. Before a non-party is given copies of Confidential Information as permitted herein, it must first sign the acknowledgement to be bound to these terms that is attached hereto as **Exhibit B**. If it fails to do so, the Parties to this action must resolve any such dispute

6

before making disclosure of Confidential Information as permitted herein to the non-party. If a non-party wishes to make designations of Confidential Information, it must first sign the acknowledgement to be bound to the terms that is attached hereto as **Exhibit B**.

10. **Treatment on Conclusion of Litigation.** All provisions of this Order restricting the use of documents designated confidential shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered. Within thirty (30) days after the later of dismissal of this action or expiration of all deadlines for appeal, all documents treated as Confidential under this Order shall be returned to the producing Party unless (1) the document has been entered as evidence or filed (unless introduce or filed under seal); (2) the Parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving Party, that Party elects destruction. Notwithstanding the above requirements to return or destroy documents counsel, may retain attorney work product including an index which refers or relates to information designated confidential so long as that work product does not duplicate verbatim substantial portions of the text of Confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided its use does not disclose the Confidential documents.

11. **Order Subject to Modification.** This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

12. **No Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as judicial determination that any specific document or item of information designated as

Confidential Information by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

13. This order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

14. The Court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding, or paper that may result in an order or decision by the Court.

15. The ultimate disposition of protected materials is subject to a final order of this Honorable Court on the completion of litigation in this Action.

16. Any motion, memorandum, document, or other paper filed with this Honorable Court is presumptively a public document, and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and all applicable law.

**THE PARTIES HEREBY STIPULATE AND AGREE** to the foregoing Consent Protective Order and agree to the Court entering an order adopting the same.

**SO ORDERED**.

Signed: November 30, 2022

David C. Keesler
United States Magistrate Judge

8

Case 5:22-cv-00055-KDB-DCK   Document 28   Filed 11/30/22   Page 8 of 11

**CONSENTED TO**:

| | |
|---|---|
| CHARLES G. MONNETT III & ASSOCIATES | BUTLER WEIHMULLER KATZ CRAIG LLP |
| /s/ Andrew S. O'Hara<br>Andrew S. O'Hara<br>NC Bar No.: 24057<br>6842 Carnegie Blvd., Ste. 100<br>Charlotte, NC 28277<br>T: (704) 376-1911<br>F: (704) 376-1921<br>E: aohara@carolinalaw.com<br>*Attorney for Plaintiff* | /s/ L. Andrew Watson<br>NC Bar No.: 41812<br>N. Khrystyne Rasmussen<br>NC Bar No.: 55223<br>11605 N. Community House Rd., Ste. 150<br>Charlotte, NC 28277<br>T: (704) 543-2321<br>F: (704) 543-2324<br>E: awatson@butler.legal<br>E: ksmith@butler.legal<br>*Attorneys for Defendant, Great American Insurance Company and Great American Assurance Company* |

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-055-KDB-DCK**

| | |
|---|---|
| **JULIA POLLEX,**<br><br>    **Plaintiff,**<br><br> v.<br><br>**GREAT AMERICAN INSURANCE COMPANY d/b/a GREAT AMERICAN INSURANCE GROUP, and GREAT AMERICAN ASSURANCE COMPANY,**<br><br>    **Defendants.** | **CERTIFICATION** |

 Documents produced herewith _____ have been marked as CONFIDENTIAL subject to the Protective Order entered in this Action, which Order is dated_____, 2022. By signing below, I am certifying that I have personally reviewed the marked documents and believe that, based on that review, they are properly subject to protection under the terms of Paragraph 3 of the Protective Order.

              Name: _____

              Date: _____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-055-KDB-DCK**

| | |
|---|---|
| JULIA POLLEX,<br><br>        **Plaintiff,**<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY d/b/a GREAT AMERICAN INSURANCE GROUP, and GREAT AMERICAN ASSURANCE COMPANY,<br><br>        **Defendants.** | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

The undersigned acknowledges having been provided with and having read the Protective Order in this matter. The undersigned further agrees that he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of this Honorable Court for all purposes arising under the Protective Order, including enforcement of its terms.

Name: _____

Date: _____